FILED
CLERK, U.S. DISTRICT COURT

JUL 2 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ALEXANDER CONTEE HALL, | ) | NO. CV 08-4128-MMM(E) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER OF DISMISSAL |
| | ) | |
| LARRY SMALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," on June 23, 2008.  The Petition challenges Petitioner's conviction and/or sentence in Petitioner's 1997 Superior Court case number LA-026396 (Petition at 2).  Petitioner previously challenged this same conviction and sentence in a habeas corpus petition filed in this Court in 2002.  See Hall v. Giurbino, No. CV 02-9634-RT(E) ("the prior habeas action").  On March 14, 2003, the Magistrate Judge issued a report and recommendation in the prior habeas action, recommending denial and dismissal of the petition with prejudice as untimely.  On May 6, 2003, the District Court issued an order adopting the report and recommendation in the prior habeas

1  action.   On March 14, 2003, the District Court entered judgment in the

2  prior habeas action, denying and dismissing the petition with

3  prejudice.

4

5      The Court must dismiss the present Petition in accordance with

6  28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and

7  Effective Death Penalty Act of 1996").   Section 2244(b) requires that

8  a petitioner seeking to file a "second or successive" habeas petition

9  first obtain authorization from the court of appeals.   See Burton v.

10  Stewart, 549 U.S. 147, 127 S. Ct. 793, 799 (2007) (where petitioner

11  did not receive authorization from Court of Appeals before filing

12  second or successive petition, "the District Court was without

13  jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d

14  1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set

15  forth in § 2244(b) requires the permission of the court of appeals

16  before 'a second or successive habeas application under § 2254' may be

17  commenced"); Harris v. Felker, 2007 WL 1599990 (E.D. Cal. June 4,

18  2007), report and recommendation adopted, 2007 WL 2326055 (E.D. Cal.

19  Aug. 14, 2007) (dismissing petition which challenged same conviction

20  challenged in previous petition, where petitioner had not obtained

21  authorization from Court of Appeal to file second or successive

22  petition).   Petitioner evidently has not yet obtained authorization

23  from the Ninth Circuit Court of Appeals.   Consequently, this Court

24  cannot entertain the present Petition.   See Burton v. Stewart, 127

25  S. Ct. at 799; see also Murray v. Greiner, 394 F.3d 78, 81 (2d Cir.

26  2005) (dismissal of petition as barred by statute of limitations

27  "constitutes an adjudication on the merits that renders future

28  petitions under §2254 challenging the same conviction 'second or

1  successive' petitions under §2244(b)"); <u>Bridgewawter v. Scriben</u>, 2007

2  WL 2262760, at *1 (S.D. Cal. Aug. 3, 2007) (same); <u>Reyes v. Vaughn</u>,

3  276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003) (same).

4

5      For all of the foregoing reasons, the Petition is denied and

6  dismissed without prejudice.

7

8      LET JUDGMENT BE ENTERED ACCORDINGLY.

9

10     DATED: _____*July 21*_____, 2008.

11

12

13                    *Margaret M. Morrow*
                    _____

14                    MARGARET M. MORROW
                    UNITED STATES DISTRICT JUDGE

15

16

17  PRESENTED this 2nd day of

18  July, 2008, by:

19

20  _____

21      CHARLES F. EICK
   UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28